MEMORANDUM OPINION



No. 04-07-00752-CV



IN THE INTEREST OF J.O., a Child



From the 225th Judicial District Court, Bexar County, Texas


Trial Court No. 2006-CI-13203


Honorable Andy Mireles, Judge Presiding



Opinion by: Karen Angelini, Justice


Sitting: Catherine Stone, Justice

 Karen Angelini, Justice

 Steven C. Hilbig, Justice


Delivered and Filed: May 14, 2008


AFFIRMED

 Appellants, who are J.O.'s aunt and uncle, appeal the trial court's order appointing J.O.'s
mother as her sole managing conservator and denying the appellants' request for access. Appellants
contend the trial court erred by: (1) striking a request for a supplemental record and denying their
offer of proof; (2) applying the parental presumption; (3) excluding evidence of a pattern of abuse
and neglect by J.O.'s mother; and (4) failing to grant appellants access to J.O. We affirm the trial
court's judgment.



Background


 In August of 2006, appellants filed a petition seeking to be appointed as J.O.'s managing
conservators. J.O. was approximately eighteen months old when the petition was filed. In the
affidavit supporting the petition, the appellants state that they cared for J.O. for weeks at a time over
the course of her life and, more recently, had exclusive care and control over J.O. as part of a safety
plan implemented by Texas Department of Family and Protective Services ("Department").

 In September of 2006, the trial court entered temporary orders appointing appellants as
managing conservators and J.O.'s mother as possessory conservator. After a bench trial was held
on July 25, 2007, the trial court entered written findings of fact and conclusions of law. The trial
court found that during the pendency of the underlying case, J.O.'s mother had: (1) continuously
cared for her other child, J.O.'s younger half-sister; (2) maintained appropriate housing and
employment; (3) maintained visits with J.O.; (4) fostered a relationship between J.O. and her half-sister; and (5) acted as an appropriate parent. The trial court also found that no reports of abuse or
neglect had been brought against J.O.'s mother during the pendency of the case. The trial court
concluded that J.O.'s mother should be appointed managing conservator, and the appellants' requests
should be denied.

Exclusion of Evidence/Offer of Proof


 In their first two issues, the appellants challenge the trial court's order striking their request
for a supplemental record and their post-trial offer of proof. A panel of this court previously denied
appellants' Motion to Direct Clerk to File Motion for Offer of Proof and Notice of Filing of Sworn
Statements as Part of the Clerk's Record.

 In its order, the trial court noted that a final order was rendered in the underlying lawsuit on
July 25, 2007, and a final judgment was signed on August 31, 2007. On October 4, 2007, the
appellants filed the following post-trial notices: (1) Notice of Filing of Statements under Oath; (2)
First Amended Notice of Filing of Statements Under Oath; (3) Designation of Clerk's Record; and
(4) First Supplemental Designation of Clerk's Record. The trial court found that the statements and
exhibits attached to the First Amended Notice of Filing of Statements Under Oath were generated
post-trial and were not considered by the trial court. Similarly, the appellants' offer of proof also
was filed after the conclusion of the trial.

 The burden is on the complaining party to present a sufficient record to the appellate court
to show error requiring reversal. Estate of Veale v. Teledyne Indus., Inc., 899 S.W.2d 239, 242 (Tex.
App.--Houston [14th Dist.] 1995, writ denied). To preserve the error of a trial judge in excluding
evidence, a party must: (1) attempt during the evidentiary portion of the trial to introduce the
evidence; (2) if an objection is lodged, specify the purpose for which it is offered and give the trial
judge reasons why the evidence is admissible; (3) obtain a ruling from the court; and (4) if the judge
rules the evidence inadmissible, make a record, either by offer or proof or through a formal bill of
exceptions, of the precise evidence the party desires admitted. Id.; see also In re Estate of Miller,
243 S.W.3d 831, 837 (Tex. App.--Dallas 2008, no pet.). An offer or proof must be: (1) made before
the court, the court reporter, and opposing counsel, but outside the presence of the jury; and (2)
preserved in the reporter's record. In re Estate of Miller, 243 S.W.3d at 837. When there is no offer
or proof made before the trial court, the party must introduce the excluded testimony into the record
by a formal bill of exceptions in compliance with rule 33.2 of the Texas Rules of Appellate
Procedure. Id. Because the appellants' belated attempts to supplement the record did not comply
with the requirements of either an offer or proof or a formal bill of exceptions, the trial court did not
err in striking the designation of record, the sworn statements compiled post-trial, and the post-trial
offer of proof. Appellants' first and second issues are overruled.

 In their fourth issue, appellants complain that the trial court erred in excluding evidence of
a history or pattern of abuse or neglect by J.O.'s mother. Although appellants cite to several
discussions in the record in which the trial court sustained objections to certain evidence or stated
limitations with regard to the presentation of evidence, the record does not reflect that the appellants
took the necessary steps to preserve error as to the exclusion of evidence. See Estate of Veale, 899
S.W.2d at 242 (listing steps necessary for preservation). In particular, for the reasons previously
noted, appellants failed to properly make a record of the precise evidence the appellants desired to
have admitted. Id. Accordingly, appellants failed to preserve their fourth issue for our review, and
it is overruled.

Parental Presumption


 In their third issue, the appellants contend that the trial court erred in applying the parental
presumption. The appellants argue that the presumption was rebutted pursuant to section 153.373
of the Texas Family Code because J.O.'s mother had voluntarily relinquished actual care, control
and possession of J.O. for one year or more, a portion of which was within the ninety days preceding
the filing of the suit.

 Section 153.373 of the Texas Family Code permits the presumption that a parent should be
appointed as managing conservator of a child to be rebutted if the trial court finds that: (1) the parent
has voluntarily relinquished actual care, control, and possession of the child to a nonparent for a year
or more, a portion of which was within 90 days preceding the date of intervention; and (2)
appointment of the nonparent as managing conservator is in the best interest of the child. Tex. Fam.
Code Ann. § 153.373 (Vernon 2002). In their brief, the appellants focus exclusively on the first
finding the trial court must make in order to rebut the parental presumption, i.e., voluntary
relinquishment for a year. The appellants fail to brief or even mention the second required finding,
i.e., appointment of the nonparent as managing conservator is in the best interest of the child. 

 The evidence in this case established that J.O. was in appellants' care at the time they filed
the underlying lawsuit based on the Department's safety plan. Even if we were to assume, however,
that the evidence supported a finding of voluntary relinquishment, the trial court could have
determined from the evidence presented that the appointment of appellants as managing conservators
was not in J.O.'s best interest. James Timmens, the social worker appointed by the trial court to
conduct a social study, testified that J.O.'s mother should be appointed managing conservator. Lisa
Griffin, a case manager at Fairweather Family Lodge, where J.O.'s mother was residing with J.O.'s
half-sister, testified that the interactions between J.O., her mother, and her half-sister have been
positive, and she had no concerns about J.O. being returned to her mother. Alma Lopez, a supervisor
for the Department who had recommended that J.O. temporarily be removed from the care of her
mother, testified that the Department had recommended reunification of J.O. with her mother since
September of 2006. Lopez testified that she believed it was in J.O.'s best interest to be returned to
her mother. Finally, Crista Branch, J.O.'s attorney ad litem, recommended that J.O. be returned to
her mother. In view of the evidence presented, the trial court did not err in finding the parental
presumption had not been rebutted, and appellants' third issue is overruled.



Access


 In their final issue, appellants assert the trial court abused its discretion in not granting them
access to J.O. The best interest of the child is always the primary consideration in determining issues
of conservatorship and possession. Garza v. Garza, 217 S.W.3d 538, 552 (Tex. App.--San Antonio
2006, no pet.). With regard to issues of custody, control, possession, and visitation, we give the trial
court wide latitude and will reverse the trial court's order only if it appears from the record as a
whole that the trial court abused its discretion. Id. 

 In this case, the trial court noted that it had no statutory authority to appoint the appellants
as possessory conservators since it was appointing the mother as managing conservator and the
father as possessory conservator. In addition, the trial court noted that it had done its best to get the
parties to cooperate with each other in the best interest of J.O. Furthermore, the trial court observed
that the communication between the parties had completely broken down, even with regard to J.O.'s
medical needs.

 "[T]he Due Process Clause of the Fourteenth Amendment protects the fundamental right of
parents to make decisions concerning the care, custody, and control of their children." Troxel v.
Granville, 530 U.S. 57, 66 (2000); see also In re Pensom, 126 S.W.3d 251, 254 (Tex. App.--San
Antonio 2003, orig. proceeding). The Texas Legislature has recognized this fundamental right by
creating a presumption in favor of the parents being appointed as both managing conservator and
possessory conservator. Tex. Fam. Code Ann. §§ 153.131, 153.191 (Vernon 2002). Encompassed
within this well-established fundamental right of parents to raise their children is the right to
determine with whom their children should associate. In re Pensom, 126 S.W.3d at 254. Although
the Legislature has provided a means by which a grandparent is permitted to request access to a
child, no similar provision permits the aunt of a child to request such access. See Tex. Fam. Code
Ann. § 153.432 (Vernon Supp. 2007); see also In re Pensom, 126 S.W.3d at 255 (noting
Legislature's intent to limit a court's jurisdiction over non-parental intrusion by allowing only
grandparents to petition for access). Even in a case in which a grandparent requests access, access
is only available where "the grandparent requesting possession of or access to the child overcomes
the presumption that a parent acts in the best interest of the parent's child by proving by a
preponderance of the evidence that denial of possession of or access to the child would significantly
impair the child's physical health or emotional well-being." Tex. Fam. Code Ann. § 153.433
(Vernon Supp. 2007); see also In re Pensom, 126 S.W.3d at 256 (noting trial court must accord
significant weight to a fit parent's decision about the third parties with whom his or her child should
associate). Although appellants assert that the Family Code contains no provision limiting the right
of an aunt or uncle to seek access, appellants fail to cite any authority that would permit a trial court
to grant such access given the fundamental right J.O.'s mother had to determine with whom J.O.
should associate. See In re Pensom, 126 S.W.3d at 254. Based on the foregoing, the trial court did
not err in denying appellants access. Appellants' fifth issue is overruled.

Conclusion


 The trial court's judgment is affirmed.

 Karen Angelini, Justice