**AFFIRMED; Opinion Filed August 1, 2014.**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-10-01613-CV

### IN THE INTEREST OF D.T.K., A MINOR CHILD

**On Appeal from the 303rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-07-12791**

## MEMORANDUM OPINION
Before Justices Lang, Myers, and Brown
Opinion by Justice Lang

This is an appeal from a final decree of divorce. In two issues, Gregory L. Koss, appellant, challenges the trial court's ruling excluding evidence concerning the parties' economic contribution claims. We affirm the trial court's judgment.

### I. BACKGROUND

The parties were married in 1995 and have one son. At the time of the marriage, Koss and Tara S. Brighton, formerly known as Sibyl B. Koss, each owned a separate property residence, and together they acquired a third residence.

Brighton filed for divorce in 2007 and Koss counter-petitioned. Both asserted claims for economic contribution by the community estate to each other's separate property. Specifically, Brighton asserted the community estate had expended assets to make capital improvements and reduce the principal of debts on Koss's separate property. Koss asserted the community estate had expended assets to make capital improvements on Brighton's separate property, and he

asserted also that his separate property had expended assets to make capital improvements on both community property and Brighton's separate property. Pursuant to Texas Rule of Civil Procedure 194, both parties served on each other requests for disclosure. *See* TEX. R. CIV. P. 194.2. Both responded to the requests, but at a hearing to determine the adequacy of Koss's responses, the trial court found Koss's response to a request that he set forth the legal theories in support of his claims was deficient and ruled he could not introduce any evidence or elicit testimony concerning the economic contribution claims. *See id.* 194.2(c).

The case was tried to a jury, and in accordance with the jury's verdict, the trial court rendered a judgment naming Koss as the parent with the exclusive right to designate the primary residence of the child and confirming as separate property each of the parties' separate property residences. The trial court also awarded Brighton the residence determined to be mixed property that the parties acquired during the marriage and ordered Koss to pay Brighton $69,596 for economic contribution of the community estate to his separate estate.

## II. EXCLUSION OF EVIDENCE

Koss's two issues stem from the trial court's ruling prohibiting him from presenting evidence concerning the parties' economic contribution claims. Specifically, Koss complains of the trial court's exclusion of his evidence of the community estate's economic contribution to Brighton's separate property residence and the exclusion of evidence and his cross-examination of Brighton as to her economic contribution claim against the community estate. He asserts the trial court should have allowed him to supplement his response to the disclosure request and further that Brighton was neither surprised nor unfairly prejudiced by his economic contribution claims. In response, Brighton asserts, among other arguments, that Koss failed to preserve error.

*A. Standard of Review*

An appellate court reviews a trial court's evidentiary ruling for abuse of discretion. *Bufkin v. Bufkin*, 259 S.W.3d 343, 351 (Tex. App.-–Dallas 2008, pet. denied). The ruling will be upheld if it is supported by any legitimate basis. *Id.* A trial court abuses its discretion only if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Id.*

*B. Preservation of Error*

An appellate court does not reach the question of the propriety of the trial court's evidentiary ruling unless the complaint has been preserved for review. *In re Estate of Miller*, 243 S.W.3d 831, 837 (Tex. App.-–Dallas 2008, no pet.). To challenge on appeal the trial court's ruling excluding evidence, the complaining party must present the excluded evidence to the trial court by offer of proof or bill of exception. *Id.* An offer of proof informs the trial court of the substance of the excluded evidence. *See* TEX. R. EVID. 103(a)(2); *Miller*, 243 S.W.3d at 837. It must be made as soon as possible after the ruling, but before the court's charge is read to the jury. *See* TEX. R. EVID. 103(b); *Miller*, 243 S.W.3d at 837. To adequately preserve error, the offer of proof must be specific. *See Watts v. Oliver*, 396 S.W.3d 124, 129 (Tex. App.-–Houston [14th Dist.] 2013, no pet.). If no offer of proof is made before the trial court, the complaining party must introduce the excluded evidence into the record by a formal bill of exception. *Miller*, 243 S.W.3d at 837. Texas Rule of Appellate Procedure 33.2 sets forth the requirements for a formal bill of exception. TEX. R. APP. P. 33.2; *Miller*, 243 S.W.3d at 837. Simply filing the excluded evidence with the trial court does not suffice. *Miller*, 243 S.W.3d at 838. Unless the appellate court grants an extension of time, the bill must be filed no later than thirty days after the complaining party files its notice of appeal. *See* TEX. R. APP. P. 33.2(e)(1),(3); *Miller*, 243 S.W.3d at 837.

## C. Applicable Law

Under former Texas Family Code section 3.403, in effect at the time of the parties' divorce, a marital estate which made an economic contribution to another marital estate was entitled to reimbursement for that contribution. *See* Act of May 18, 2001, 77th Leg., R.S., ch. 838, §2, 2001 Tex. Gen. Laws 1679, 1681, *amended by*, Act of May 28, 2003, 78th Leg., R.S., ch. 230, §1, 2003 Tex. Gen. Laws 1056, 1056, *repealed by*, Act of May 19, 2009, 81st Leg., R.S., ch. 768, §11(3), 2009, Tex. Gen. Laws 1950, 1953. The spouse seeking economic contribution bore the burden of bringing forth sufficient evidence for the fact finder to determine the enhancement value to the benefited estate. *Hailey v. Hailey*, 176 S.W.3d 374, 388 (Tex. App.---Houston 1st Dist.] 2004, no pet.). Specifically, the spouse had to present evidence showing the amount of equity in the benefited marital property on the date of the divorce, the amount of economic contribution to the benefited marital property by the contributing marital estate, and the contribution, if any, by the benefited marital estate to the equity in the benefited marital property. *See* Act of May 28, 2003, 78th Leg., R.S., ch. 230, §1, 2003 Tex. Gen. Laws 1056, 1056, *repealed by*, Act of May 19, 2009, 81st Leg., R.S., ch. 768, §11(3), 2009, Tex. Gen. Laws 1950, 1953.

## D. Application of Law to Facts

As stated, Koss challenges the trial court's exclusion of his evidence of the community estate's economic contribution to Brighton's separate property and the exclusion of evidence and testimony as to Brighton's economic contribution claim against the community estate. In regard to the latter, Koss has not shown us in the record that Brighton made such a claim. The trial court neither submitted such an issue to the jury nor awarded Brighton any such reimbursement in the decree of divorce. Accordingly, there is nothing for us to review in that regard.

As to the former complaint contending the trial court erred by excluding evidence as to Koss's community estate economic contribution claim against Brighton's separate property, the record reflects Koss made a timely offer of proof and filed a bill of exception. His offer of proof consisted of the following exchange:

[KOSS'S COUNSEL]: And what is [Koss's] Exhibit Number 58?

[KOSS]: That's the warranty deed with vendor's lien from Torrez – Daniel Torrez and Kimberly Torrez to [Brighton].

[KOSS'S COUNSEL]: And what – what house is that?

[KOSS]: That is the – I guess the rose – [mixed property] house.

[KOSS'S COUNSEL]: And your interest –

THE COURT: [Counsel], you need to wrap up. You're out of time.

[KOSS'S COUNSEL]: All right. We won't even identify them, we'll just go through them and say 59 is a release of lien for [Brighton's separate property] house. 60 is the Deed of Trust on the [mixed property] house. 61 is a mechanic's lien for [Brighton's separate property] house. And 62 is the warranty deed to [Brighton's separate property] house.

[KOSS]: Yes, they are.

[KOSS'S COUNSEL]: And those last bunch, are they related to your allegations that you pled for that [Brighton] had annihilated the community estate by her – by her poor choice of buying the [mixed property] house and therefore by removing the economic contribution claim.

[KOSS]: Yes, I am.

[KOSS'S COUNSEL]: I'll move to admit, it would be . . . 58, 59, 60, 61, and 62 at this time.

Our first consideration is whether the error was preserved. The exhibits in this offer of proof show Brighton borrowed $49,680 to purchase her separate property residence in November 1993, borrowed $11,655 in February 1994 to build an addition to that house, and paid off the $49,680 note in April 2007. It also shows the parties borrowed $172,000 in March 2008 to purchase the mixed property residence. However, while the offered evidence shows the $49,680 note was paid off during the marriage, it does not show the source of the funds used to pay that note nor does it show how much of those funds, if any, were community property funds. *See* Act of May 28, 2003, 78th Leg., R.S., ch. 230, §1, 2003 Tex. Gen. Laws 1056, 1056, *repealed by*, Act of May 19, 2009, 81st Leg., R.S., ch. 768, §11(3), 2009, Tex. Gen. Laws 1950, 1953. Also, the offered evidence does not show the source of the funds used to pay any of the $11,655 note nor how much of those funds, if any, were community property funds. *Id.* Further, this evidence does not show the amount of any equity in Brighton's separate property residence at the time of the divorce. *Id.* Finally, this evidence does not show how the purchase of the mixed property residence, according to Koss, "annihilated" the economic contribution claim. On this record, we conclude the offer of proof did not preserve error. *See* TEX. R. EVID. 103(a)(2); *Miller*, 243 S.W.3d at 837; *Watts*, 396 S.W.3d at 129; *also cf. Moroch v. Collins*, 174 S.W.3d 849, 861-64 (Tex. App.-–Dallas 2005, pet. denied) (concluding Brighton presented sufficient evidence in support of separate property economic contribution claims against community property where she showed amount and source of separate funds used for purchase and remodeling of community property residence).

We also conclude the bill of exceptions did not preserve error. Koss filed his notice of appeal on November 23, 2010. However, the bill was not filed until March 22, 2011, four months later, and nothing in the record shows Koss obtained an extension of time to file the bill. Because the bill was not filed within thirty days of the date the notice of appeal was filed and no

extension was granted, it was untimely.  *See* TEX. R. APP. P. 33.2(e)(3); *Miller*, 243 S.W.3d at

837.  We decide Koss's two issues against him.

## III. CONCLUSION

Having decided Koss's two issues against him, we affirm the trial court's judgment.


/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

101613F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

IN THE INTEREST OF D.T.K., A CHILD

No. 05-10-01613-CV

On Appeal from the 303rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. DF-07-12791.
Opinion delivered by Justice Lang. Justices Myers and Brown participating.

In accordance with this Court's opinion of this date, we **AFFIRM** the trial court's judgment.

We **ORDER** that appellee Tara S. Brighton f/k/a Sibyl B. Koss recover her costs of this appeal from appellant Gregory L. Koss.

Judgment entered this 1st day of August, 2014.