**AFFIRM; and Opinion Filed April 27, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00157-CV

**SELENE MARTINEZ, Appellant**
**V.**
**ABC SUPPLY CO., Appellee**

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-14-03290-D**

## MEMORANDUM OPINION

Before Justices Lang, Fillmore, and Schenck
Opinion by Justice Schenck

Selene Martinez appeals the trial court's grant of summary judgment in favor of appellee ABC Supply Co. ("ABC"). In three issues, Ms. Martinez argues the trial court erred in denying her motion for new trial, abused its discretion in refusing to allow testimony at the hearing on her motion for new trial, and erred in granting summary judgment in favor of ABC. We affirm the trial court's judgment. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

### FACTUAL & PROCEDURAL BACKGROUND

On July 7, 2012, Ms. Martinez and her husband Oscar Carreon went to ABC's store to buy some roofing materials for their construction business. When the couple had completed their purchases, they drove around to the loading dock at the back of the store for their purchased materials to be loaded onto their truck. Mr. Carreon parked the truck on the loading ramp and

then got out and climbed into the back of the truck. Ms. Martinez got out of the truck, noticed something on the ground, and bent down to pick it up. At that time, a heavy coil of metal rolled out from the store and fell on Ms. Martinez's shoulder, knocking her to the ground and causing injuries to her "shoulder, back, hip, and right foot."

On July 7, 2014, Ms. Martinez filed suit against ABC for premises liability and general negligence. ABC filed a no-evidence motion for summary judgment against both of Ms. Martinez's claims. On December 8, 2015, the trial court signed an order granting a take-nothing judgment against Ms. Martinez on both claims. Ms. Martinez filed a motion requesting the trial court reconsider its judgment based on newly discovered evidence, and alternatively requesting a new trial. On January 25, 2016, the trial court conducted a hearing on Ms. Martinez's motion, during which the trial court orally denied the motion, stating that it was procedurally deficient and that it had failed to establish the late discovery of the newly discovered evidence was not due to a lack of diligence. The trial court later signed an order denying the motion, the request for a new trial, and the request for reconsideration. Ms. Martinez filed this appeal.[1]

## DENIAL OF MOTION FOR NEW TRIAL

In her first issue, Ms. Martinez argues the trial court erred in denying her motion for new trial. Specifically, she complains the trial court erred by denying the motion on the ground it was not verified. Appellee responds that at the hearing on her motion for new trial, the trial court indicated that not only was the motion not verified but that it also failed to prove the newly discovered evidence could not have reasonably been found prior to the summary-judgment hearing.

---

[1] ABC sued Mr. Carreon as a third-party defendant, and he in turn raised counter-claims against ABC. ABC later nonsuited its claims against Mr. Carreon, and the trial court granted ABC's no-evidence motion for summary judgment against Mr. Carreon's counterclaims. Mr. Carreon filed a joint motion to reconsider and in the alternative for a new trial with Ms. Martinez. However, in light of the fact that Mr. Carreon did not appeal the trial court's decisions on his counterclaims, we need not discuss them any further. TEX. R. APP. P. 47.1.

A party seeking a new trial based on newly discovered evidence must show the trial court that (1) the party did not discover the evidence until after trial; (2) the failure to discover the evidence was not due to lack of diligence; (3) the evidence is not cumulative or merely for impeachment; and (4) the evidence is so material that it would probably produce a different result if a new trial were granted. *Roberts v. Roper*, 373 S.W.3d 227, 235 (Tex. App.—Dallas 2012, no pet.). We review the trial court's ruling on a motion for new trial for an abuse of discretion. *Id.*

In her motion for new trial, Ms. Martinez alleged she had "just discovered a witness, Jose Andrade, who is a former employee of Defendant and who is willing to testify as to the negligence of Defendant." She alleged that she learned of Mr. Andrade after summary judgment was granted, her late discovery of him was not due to a lack of diligence, his testimony was not cumulative, and his affidavit was material because it established the elements of Ms. Martinez's claims. Ms. Martinez attached to her motion for new trial Mr. Andrade's affidavit in which Mr. Andrade related he was the acting supervisor at ABC's store when he heard a customer had been injured. He "ran out to the location" and spoke with Ms. Martinez and Mr. Carreon who informed him that a coil had rolled onto Ms. Martinez. According to Mr. Andrade, he spoke with the employee who had assisted Mr. Carreon and Ms. Martinez and that same employee admitted he set down the roll of coil on its side and that it then rolled down and off the ramp and hit Ms. Martinez. Mr. Andrade saw Ms. Martinez a few days later, and she informed him she had been in pain since the incident. He stated he and two other employees watched a video recording of the incident and that all agreed the employee assisting with the purchase did not set down the roll of coil properly that day.

At the hearing on Ms. Martinez's motion for new trial, the trial court admitted an affidavit from Ms. Martinez. In her affidavit, Ms. Martinez stated she met Mr. Andrade a couple

of days after the incident at ABC's store, and that she visited the store twice more, but he was not there on either occasion. The second time she visited, on or about November 14, 2013, she learned Mr. Andrade was no longer employed at ABC's store. She stated she continued looking for him, but was not able to locate him until December 11, 2015, when her husband happened to run into Mr. Andrade at another store. At that time, Mr. Carreon learned from Mr. Andrade that he had watched a video showing that ABC's employee who "brought that roll of coil did something wrong."

The foregoing affidavits establish Ms. Martinez knew of Mr. Andrade's existence prior to filing her suit against ABC. She knew his name and that at the time of the incident, he worked at ABC's store. Neither her motion nor her affidavit details any attempts to discover more information about Mr. Andrade from ABC, so that she could then interview him. Thus, under these facts, the trial court could have determined Ms. Martinez's failure to timely discover Mr. Andrade's testimony or the video he claims to have watched was due to a lack of diligence. We conclude Ms. Martinez has not shown the trial court abused its discretion by denying her motion for new trial. We overrule Ms. Martinez's first issue.

### TESTIMONY AT HEARING ON MOTION FOR NEW TRIAL

In her second issue, Ms. Martinez complains the trial court abused its discretion in refusing to allow her witnesses or attorneys to testify at the hearing on her motion for new trial.

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *In re Estate of Miller*, 243 S.W.3d 831, 836–37 (Tex. App.—Dallas 2008, no pet.). But we do not reach the question of whether evidence was erroneously excluded unless the complaint has first been preserved for review. *Id.* To challenge exclusion of evidence by the trial court on appeal, the complaining party must present the excluded evidence to the trial court by offer of proof or bill of exception. *Id.*

Ms. Martinez failed to make any offer of proof as to the precise evidence she sought to offer through these witnesses, nor did she file any formal bill of exceptions. *Id.* at 838. Accordingly, Ms. Martinez failed to preserve the issue for appeal. *Id.*

## SUMMARY JUDGMENT

In her third issue, Ms. Martinez argues the trial court erred in granting ABC's no-evidence motion for summary judgment, contending the evidence attached to her response was sufficient to establish all elements of her claims of negligence and premises liability.

I.      Standard of Review

We review the trial court's summary judgment de novo. *John C. Flood of DC, Inc. v. SuperMedia, L.L.C.*, 408 S.W.3d 645, 649 (Tex. App.—Dallas 2013, pet. denied). The non-movant must present summary-judgment evidence raising a genuine issue of material fact to support the challenged elements. TEX. R. CIV. P. 166a(i). In reviewing a no-evidence summary-judgment motion, we review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *SuperMedia*, 408 S.W.3d at 649. A genuine issue of material fact exists if the non-movant produces more than a scintilla of evidence supporting the existence of the challenged element. *Id.* More than a scintilla exists if the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004). On the other hand, when the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is no evidence. *Id.*

II.     Summary Judgment Evidence

On June 12, 2015, ABC filed its no-evidence motion for summary judgment. On November 30, 2015, Ms. Martinez filed her first amended response and attached a copy of her original petition and a supporting affidavit from Mr. Carreon. ABC filed objections and reply to Ms. Martinez's first response, arguing the attached petition was not summary-judgment evidence and that Mr. Carreon's affidavit failed to satisfy the requirements of rule 166a(f) of the Texas Rules of Civil Procedure in that it failed to affirmatively state the facts therein were true and correct. ABC also objected that Mr. Carreon's affidavit contained conclusory statements and that it failed to establish all the elements of Ms. Martinez's negligence and premises-liability claims. On December 4, 2015, Ms. Martinez filed her second amended response to ABC's motion for summary judgment and attached her husband's original answer and counterclaim to ABC's third-party plaintiff petition, ABC's motion for leave to designate Mr. Carreon as a responsible third party, and a second affidavit from Mr. Carreon. On December 7, 2015, the same day as the hearing on ABC's motion for summary judgment, ABC filed objections to Ms. Martinez's second amended response, arguing the evidence was not timely filed under rule 166a(c) of the Texas Rules of Civil Procedure, and as such should not be considered by the trial court. The next day, the trial court signed an order granting ABC's motion for summary judgment on both of Ms. Martinez's claims. That same day, the trial court signed an order sustaining ABC's objection to the petition attached to Ms. Martinez's first amended response, overruling ABC's objections to Mr. Carreon's affidavit, and sustaining ABC's objections to Ms. Martinez's second amended response and attachments.

As a preliminary matter, we address what, if any, responses or evidence was on file and not stricken when the trial court decided to grant ABC's motion for summary judgment. *See* *SuperMedia*, 408 S.W.3d at 656 ("We may not consider stricken evidence when reviewing a

–6–

summary judgment."). ABC takes the position that Ms. Martinez's second amended response and evidence replaced her first amended response and evidence, and that the second amended response and evidence were struck as untimely filed, such that Ms. Martinez had no evidence or response on file.

ABC bases its argument on its interpretation of rule 65 of the Texas Rules of Civil Procedure.

> Unless the substituted instrument shall be set aside on exceptions, the instrument for which it is substituted shall no longer be regarded as a part of the pleading in the record of the cause, unless some error of the court in deciding upon the necessity of the amendment, or otherwise in superseding it, be complained of, and exception be taken to the action of the court, or unless it be necessary to look to the superseded pleading upon a question of limitation.

TEX. R. CIV. P. 65. However, this Court has previously held that an order striking an amended pleading has the effect of restoring the immediately-preceding pleading as the live pleading upon which the parties will proceed at trial. *Fudzie v. Williams*, No. 05-12-00511-CV, 2012 WL 6685527, at *1 (Tex. App.—Dallas Dec. 21, 2012, no pet.) (mem. op.). Accordingly, we reject ABC's argument. The trial court overruled ABC's objections to the affidavit of Mr. Carreon attached to Ms. Martinez's first amended response, and ABC does not appeal the trial court's decision to overrule its objections. We now examine whether Mr. Carreon's affidavit brings forth evidence sufficient to raise a genuine issue of material fact.

Mr. Carreon's affidavit is brief, so we will quote it in full below.

> My name is OSCAR CARREON. I am at least 18 years of age and of sound mind.

> I am personally acquainted with the facts alleged herein.

> SELENE MARTINEZ is my wife. We own a family construction business. We usually buy materials for our business from ABC Supply Company. On or about July 7, 2012 my wife and I went to buy some roofing materials at the ABC Store located at 2525 South Shiloh Road in Garland, Texas. After purchasing the materials, we were asked to drive around to the loading dock at the back of the store for the materials to be loaded on to our truck. When we got to the back, I

backed onto the ramp and climbed on the back of the truck to arrange it for loading. My wife noticed a piece of "cap" on the ground which fell from the store, she squatted down to pick it up. Almost simultaneously, a big roll of coil rolled out from inside the store and fell on my wife's shoulder knocking her to the ground. I witnessed the coil roll on her knocking her to the ground and ran to help her. My wife injured her shoulder, back, hip and right foot. Since then she has been to several hospitals for treatment and for physical therapy treatment. My wife has had sleepless nights, anxiety, pains and have been unable to fulfill her duties to me as well as our children.

III.    Applicable Law

To prevail on her negligence cause of action, Ms. Martinez must establish the existence of (1) a duty, (2) a breach of that duty, and (3) damages (4) proximately caused by the breach. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). The essential elements of a premises liability claim are: (1) actual or constructive knowledge of a condition on the premises by the owner or occupier; (2) that the condition posed an unreasonable risk of harm; (3) that the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and (4) that the owner or occupier's failure to use such care proximately caused the plaintiff's injury. *Daitch v. Mid-Am. Apartment Cmtys., Inc.*, 250 S.W.3d 191, 194 (Tex. App.—Dallas 2008, no pet.).

IV.    Analysis

Ms. Martinez argues that the affidavit establishes all elements of her negligence claim. According to the affidavit, ABC invited Mr. Carreon and Ms. Martinez to go to the loading dock, which Ms. Martinez argues is evidence of ABC's duty of a prudent store to the husband and wife to keep the area free of hazards like rolling metal coils. She contends that "[t]he fact that a coil will roll only if put on its side and the fact that it rolled down the dock is evidence of breach." She asserts the affidavit establishes Mr. Carreon witnessed the coil strike Ms. Martinez and cause her pain and impairment.

We disagree. While Mr. Carreon's affidavit indeed establishes Ms. Martinez's injuries, it does no more than create a mere surmise or suspicion that ABC breached a legal duty to Ms. Martinez and that said breach proximately caused her injuries. *See Ridgway*, 135 S.W.3d at 601.

Ms. Martinez also contends the same affidavit details all of the facts necessary to establish her premises-liability claim. She argues a roll of coil on its side and rolling toward Ms. Martinez, as described in Mr. Carreon's affidavit, is a dangerous condition and that a reasonable store should have known about it. According to Ms. Martinez, the coil would not have rolled out had the dangerous condition been made safe, and there was no warning or notice of the dangerous condition.

Again, we disagree. To be sure, Mr. Carreon's affidavit establishes a condition that poses an unreasonable risk of harm. However, the affidavit is no more than a scintilla of evidence to establish that ABC had actual or constructive knowledge of the posture of the coil, that ABC failed to exercise reasonable care to reduce or eliminate the risk posed by the coil, or that such failure to exercise reasonable care caused Ms. Martinez's injuries. *See Ridgway*, 135 S.W.3d at 601.

We conclude the trial court did not err in granting ABC's no-evidence motion for summary judgment. We overrule Ms. Martinez's third issue.

## CONCLUSION

We affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

160157F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

SELENE MARTINEZ, Appellant

No. 05-16-00157-CV     V.

ABC SUPPLY CO., Appellee

On Appeal from the County Court at Law No. 4, Dallas County, Texas
Trial Court Cause No. CC-14-03290-D.
Opinion delivered by Justice Schenck, Justices Lang and Fillmore participating.

      In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

      It is **ORDERED** that appellee ABC SUPPLY CO. recover its costs of this appeal from appellant SELENE MARTINEZ.

Judgment entered this 27th day of April, 2017.