In re LOWE'S COMPANIES, INC.
and Lowe's Home Centers,
Inc., Relators.

No. 14–03–1272–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

May 18, 2004.

Robert McCabe, Houston, TX, for relator.

Larry Boyd, Houston, TX, for respondent.

Panel consists of Justices EDELMAN, FROST, and GUZMAN.

**OPINION**

RICHARD H. EDELMAN, Justice.

Lowe's Companies, Inc. and Lowe's Home Centers, Inc. (collectively, "Lowe's") seek a writ of mandamus directing the trial court to vacate its order (the "order") compelling Lowe's to produce a witness for deposition and a database used by Lowe's to "trend" accident and injury claims. We conditionally grant Lowe's petition as to production of the database only.

**Background**

The real parties in interest in this proceeding, Rene and Sylvia Moreno (the "Morenos"), sued Lowe's for injuries Rene suffered when he was allegedly struck by a falling sink that had been dislodged from an upper shelf of a Lowe's store by a Lowe's employee. During a deposition, a Lowe's representative, Margaret Dagner, was instructed by counsel not to answer questions concerning a database (the "database") Lowe's uses to compile information on accidents and injuries occurring in its stores. The Morenos filed a motion (the "motion") to compel Lowe's to produce, and Dagner to testify about, the database at a further deposition. In addition to ordering this deposition, the order provides:

> Ms. Dagner is ordered to bring with her a computer or have access at the time of her deposition to a computer that is capable of logging onto the database and capable of searching, sorting and printing the data on the computer as requested by Plaintiff's counsel in the deposition. Such data that is requested for printing should be limited to data of accidents prior to the accident made the basis of this suit and should be limited to accidents involving reports of customers injured due to falling merchandise.

Lowe's three mandamus issues challenge the order on the grounds that: (1) Lowe's had already produced to the Morenos a printout from the database that identified all of the falling merchandise claims from all of Lowe's Texas stores for the five years preceding the accident in this case; (2) further information from, and testimony about, the database is not relevant to the claims in this case or within the proper scope of discovery for them because it contains thousands of accident claims of all kinds and without a time or geographic limitation; (3) the manner in which Lowe's gathers information concerning accidents in its stores is a trade secret; (4) the database was not used for safety-related purposes before the accident in this case; (5) once access is gained to the database, there is no method to restrict access to privileged or non-relevant information; (6) the database was never requested by the Morenos before filing the motion to compel, and a document request cannot properly be made for the first time in a motion to compel; and (7) without a previous request for the information, it was improper for the trial court to order its production as a sanction.[1]

### Deposition

■■■■ At the deposition, Lowe's counsel instructed Dagner not to answer questions about the database on the grounds of relevance and protection of trade secrets. With other exceptions not raised in this case, an attorney may instruct a witness not to answer a question during an oral deposition only if it is necessary to preserve a privilege, or otherwise comply with the Texas Rules of Civil Procedure ("TRCP"). Tex.R. Civ. P. 199.5(f). While relevance is thus not a valid ground for instructing a witness not to answer a deposition question, a trade secret is privileged[2] and therefore can be such a ground. Moreover, mandamus relief is appropriate from an order that improperly requires disclosure of a trade secret. *See In re Bass*, 113 S.W.3d 735, 737 (Tex.2003).

■■■■ However, where a hearing is held on a claim of privilege, including trade secrets, the party asserting it must present sufficient evidence to support it. Tex.R. Civ. P. 199.6; *Bass*, 113 S.W.3d at 737. Trade secrets include information used in a business that presents an opportunity to obtain an advantage over competitors who do not know, or use, it. *Id.* at 739. Factors relevant to determining whether a trade secret exists include: (1) the extent to which the information is known outside the party's business; (2) the extent to which it is known by employees and others within the business; (3) the extent of measures taken by the party to guard the secrecy of the information; (4) the value of the information to the business and its competitors; (5) the amount of effort or money expended to develop the information; and (6) the ease or difficulty with which the information could be properly acquired or duplicated by others. *Id.*

In this case, Lowe's initial response to the motion cited no authority, and provided no evidence, to support its claim for a trade secret privilege with regard to the deposition testimony, but merely stated, "[Lowe's] would assert that the manner and method by which [it] gathers its information concerning incidents in stores is a valuable asset to Lowe's and one which is

---

1. To the extent the order can be read to require a witness, during a deposition, to not only provide testimony but also perform tasks, *i.e.*, searches of the database as requested by the Morenos' counsel, Lowe's has not challenged, and we do not address, that aspect of the order.

2. *See* Tex.R. Evid. 507.

not utilized industry wide." After the trial court entered an order granting the motion, Lowe's filed a motion for reconsideration which also failed to cite any such authority, but did provide an affidavit from a claims manager for Lowe's. In support of the trade secret privilege, the affidavit stated only:

> This database ... and the methods by which Lowe's Companies, Inc. uses [it] are valuable proprietary interests of [Lowe's] and one which [Lowe's] considers to be trade secrets. It is [Lowe's] belief that such is not utilized industry-wide and thus it is an asset [Lowe's] does not desire to be available to the public and/or its competitors.

Although the factors, enumerated above, for determining the existence of a trade secret are not necessarily exclusive,[3] Lowe's has cited no authority that a party's (or even expert's) conclusory opinion that information is a trade secret or is not used industry-wide, or a party's mere desire to avoid disclosing information to others, is sufficient to establish the privilege. Nor would there appear to be any rationale for adopting such a position as it would seemingly allow the privilege to extend to almost any internal company records. Without evidence establishing any of the conventional trade secret factors with regard to the database, Lowe's has failed to demonstrate that the trial court erred in overruling its trade secret objection to providing deposition testimony on the creation and use of the database. Accordingly, Lowe's first issue is overruled.

### Production of Database

▮▮▮ Lowe's primarily challenges the order to produce the database: (1) as being overbroad with regard to the time period, geographic area, and subject matter of the information contained within it; and (2) in that the Morenos had not made a request for production of the database before filing a motion to compel its production. An order that compels overly broad discovery is an abuse of discretion for which mandamus is the proper remedy. *Dillard Dep't Stores, Inc. v. Hall,* 909 S.W.2d 491, 492 (Tex.1995).[4] Because discovery is limited to matters that are relevant to the case, requests for information that are not reasonably tailored as to time, place, or subject matter amount to impermissible "fishing expeditions." *See In re CSX Corp.,* 124 S.W.3d 149, 152 (Tex.2003); *Texaco, Inc. v. Sanderson,* 898 S.W.2d 813, 815 (Tex.1995). Discovery orders have thus been held overbroad for requiring, among other things: (1) production of all incident reports for a five-year period from all 227 Dillard stores nationwide;[5] and (2) interrogatory answers describing any criminal conduct occurring at a particular store location for seven years and similar crimes at stores nationwide for ten years.[6]

In this case, the order requires Lowe's to bring to Dagner's deposition either: (1) the database and application necessary to search, sort, and print data from it; or (2) computer access to the database that would enable searching, sorting, and printing data from it as requested by the Morenos' counsel at the deposition. Data that may be so requested for printing is limited to accidents prior to the one made the basis of this suit and those involving reports of customers injured due to falling

---

3. *See Bass,* 113 S.W.3d at 740.

4. We have found no opinions in which the Texas Supreme Court has concluded that an adequate remedy exists on appeal for an overly broad discovery order.

5. *See Dillard,* 909 S.W.2d at 492.

6. *See K Mart Corp. v. Sanderson,* 937 S.W.2d 429, 431–32 (Tex.1996).

merchandise. Based on the foregoing authorities, we conclude that the order is overbroad to the extent it allows the Morenos to: (1) access (even if not print) data without any limitation as to time, place, or subject matter; and (2) print data concerning falling merchandise accidents for an unlimited period preceding the accident in this case and for an unlimited geographic area.

■■■■ Because this conclusion warrants mandamus relief, directing the trial court to vacate the portion of the order compelling production of the database, we conditionally grant Lowe's petition to that extent and need not address its other challenges to this portion of the order.[7] A writ will be issued only if necessary to effect compliance with this opinion.

---

7.  However, in the hope that it will reduce any further delay and dispute over this matter, we will briefly discuss Lowe's challenge to being compelled to produce the database on the ground that it had not previously been requested.

    As applicable to this portion of the order, an essential prerequisite to filing a motion to compel production (or for sanctions) is that another party has failed to permit discovery as requested in response to a request submitted under TRCP 196. *See* Tex.R. Civ. P. 215.1(b)(3)(D). It logically follows that a party cannot be compelled to produce (or sanctioned for failing to produce) that which it has not been requested to produce. A request for production must specify the items to be produced, describing each item or category with reasonable particularity. *See* Tex.R. Civ. P. 196.1(b). In addition, to obtain discovery of information that exists in electronic form, the requesting party must specifically request production of electronic data and specify the form in which it is to be produced. Tex.R. Civ. P. 196.4.

In this case, the Morenos claim that the database was within the scope of their document request (the "request") for all documents that "identify other claims by customers who claim to have been injured as a result of falling products from [Lowe's] shelves .... [including] pleadings in other suits against [Lowe's] and other customer complaints or incident or accident reports prepared by [Lowe's]." However, our record does not reflect, and the Morenos do not contend, that they specifically requested electronic data in connection with this set of document requests. Moreover, to the *extent the database contains,* or is capable of producing, quantitative or qualitative "trending" analysis of the accident data (*i.e.,* beyond mere descriptive entries on each accident), any such information is beyond what was specified with reasonable particularity in the request, but would nevertheless seem to fall within the scope of what the order requires to be produced.