**Michael L. LANGLEY, Appellant**

v.

**COMMISSION FOR LAWYER DISCIPLINE, Appellee.**

No. 05–05–00297–CV.

Court of Appeals of Texas, Dallas.

May 19, 2006.

Michael L. Langley, Richardson, appellant pro se.

Linda A. Acevedo, Office of the Chief Disciplinary Counsel State Bar of Texas, Austin, for appellee.

Before Chief Justice THOMAS and Justices MORRIS and LANG–MIERS.

## OPINION

Opinion by Chief Justice THOMAS.

We withdraw our opinion of March 21, 2006 and vacate our judgment of that date. This is now the opinion of the Court.

In five points of error, appellant Michael Langley challenges the trial court's order revoking his probation and suspending his license to practice law. We overrule ap-

pellant's points of error. Accordingly, we affirm the trial court's judgment.

The Commission for Lawyer Discipline brought disciplinary proceedings against appellant. The parties entered into, and the trial court signed, an agreed judgment which suspended appellant's license to practice law for forty-eight months. According to the judgment, the first twelve months, March 31, 2004 through March 31, 2005, were active suspension, and the remaining thirty-six months, April 1, 2005 through March 31, 2008, were to be probated.

On October 15, 2004, the Commission filed a motion to revoke on the basis that appellant violated the terms and conditions of probation by practicing law while on active suspension. After a hearing, the trial court entered an order revoking the disciplinary probation and imposing an active suspension for forty-eight months.

■ Appellant first argues the trial court abused its discretion by not granting his motion to dismiss the Commission's motion to revoke. Appellant asserts the Commission's motion to revoke was improper because any violation of the terms of the agreed judgment occurred during his active suspension, not during the probated portion of his suspension. We disagree.

The trial court's order provides:

Should the Court determine that Respondent has committed any violation of the terms and conditions of this judgment, the Court shall enter an order revoking Respondent's probation and imposing upon Respondent an actual suspension from the practice of law for the period of forty eight (48) months, with said forty-eight (48) months to begin on or after the revocation.

The Commission presented evidence that appellant continued to practice law during

his active suspension. Because appellant violated a term of the judgment, the trial court did not abuse its discretion in revoking his probation and actively suspending his license. We overrule appellant's complaint.

■ In the second issue, appellant asserts the trial court erred in admitting three of the Commission's exhibits at the revocation hearing. Citing Texas Rule of Civil Procedure 193.6, appellant argues the trial court was required to exclude the Commission's exhibits because (1) they were not previously produced in response to requests for disclosure and (2) the Commission did not produce these exhibits prior to trial in violation of the trial court's pretrial order. However, there is nothing in the record to show that appellant ever propounded any discovery on the Commission. A party cannot be compelled to produce that which it has not been requested to produce. *In re Lowe's Cos., Inc.*, 134 S.W.3d 876, 880 (Tex.App.-Houston [14th Dist.] 2004, orig. proceeding). Further, the trial court's pretrial order is not in the record before us. While appellant has attached a copy of the trial court's pretrial order to his brief, we cannot consider documents attached to briefs that do not also appear in the appellate record. *Ellason v. Ellason*, 162 S.W.3d 883, 887 (Tex.App.-Dallas 2005, no pet.). Because there is no evidence in the record before us that these documents were requested through discovery, we cannot say the trial court abused its discretion. We overrule appellant's second point.

■ Appellant next argues the trial court erred in excluding his testimony regarding his Exhibit 1. However, appellant has not cited us to the record nor does the record show that he ever offered Exhibit 1 into evidence. Moreover, appellant made no bills of exceptions, formal or informal. No offer of proof was made of the excluded evidence in any form. The excluded evidence is not in the record. Thus, appellant waived his complaint by failing to properly preserve error. *See Carlile v. RLS Legal Solutions, Inc.*, 138 S.W.3d 403, 411 (Tex.App.-Houston [14th Dist.] 2004, no pet.). We overrule appellant's third issue.

■ Appellant also argues the trial court abused its discretion by changing the terms of his suspension. According to appellant, as a result of the revocation of his probation, the trial court suspended his law license from "March 31, 2004 through January 31, 2009, a period of 58 months." Appellant asserts that this amounted to the trial court disregarding the agreed order and increasing the length of his suspension. Again, we disagree.

The agreed order provides in part:

Should the Court determine that [appellant] has committed any violation of the terms and conditions of this judgment, the Court shall enter an order revoking [appellant's] probation and imposing upon [appellant] an actual suspension from the practice of law for the period of forty eight (48) months, *with said forty eight (48) months to begin on or after the date of revocation.*

The trial court revoked appellant's probation on February 1, 2005. In the order revoking appellant's probation, the trial court specified that appellant's active suspension began on February 1, 2005 and ended forty-eight months later on January 31, 2009. Thus, the trial court did not change the terms of appellant's suspension; rather, it followed the terms of the agreed order. We overrule appellant's forth issue.

■ Lastly, appellant argues the trial court abused its discretion by imposing an excessive punishment. It is within the trial court's discretion to determine the

punishment of a lawyer found guilty of professional misconduct. *Santos v. Comm'n for Lawyer Discipline*, 140 S.W.3d 397, 403 (Tex.App.-Houston [14th Dist.] 2004, no pet.). In determining the appropriate sanction for attorney misconduct, the court shall consider:

   A.   The nature and degree of the Professional Misconduct for which the Respondent is being sanctioned;

   B.   The seriousness of and circumstances surrounding the Professional Misconduct;

   C.   The loss or damage to clients;

   D.   The damage to the profession;

   E.   The assurance that those who seek legal services in the future will be insulated from the type of Professional Misconduct found;

   F.   The profit to the attorney;

   G.   The avoidance of repetition;

   H.   The deterrent effect on others

   I.   The maintenance of respect for the legal profession;

   J.   The conduct of the Respondent during the course of the Committee action;

   K.   The trial of the case; and

   L.   Other relevant evidence concerning the Respondent's personal and professional background.

Tex.R. Disciplinary P. 3.10, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G app. A–1 (Vernon 2005).

After viewing the evidence and considering the above factors, we cannot say that the trial court abused its discretion in imposing this suspension. Moreover, appellant agreed to the forty-eight-month suspension when he signed the agreed judgment. Consequently, appellant cannot now complain of the punishment to which he agreed. *Musslewhite v. State Bar of Tex.*, 786 S.W.2d 437, 445 (Tex.

App.-Houston [14th Dist.] 1990, writ denied). We overrule appellant's final issue.

Accordingly, we affirm the trial court's judgment.