Petition for Writ of Mandamus Conditionally
Granted and Memorandum Opinion filed September 13, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00535-CV

____________

 

IN RE SWIFT TRANSPORTATION COMPANY, Relator

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

253rd District Court

Chambers County, Texas

Trial Court Cause No. CV-26088

 

 

 



M E M O R
A N D U M   O P I N I O N

            On
June 21, 2011, relator, Swift Transportation Company, filed a petition for writ
of mandamus in this court.  See Tex. Gov’t Code § 22.221; see also
Tex. R. App. P. 52.  Swift complains that respondent, the Honorable Chap Cain,
presiding judge of the 253rd District Court of Chambers County, abused his
discretion when he denied Swift’s motion to quash a deposition of its corporate
representative(s) and motion for a protective order.  Swift also filed a motion
for a temporary stay of the deposition, which this court granted on June 21,
2011.  See Tex. R. App. P. 52.10. 

Background

            Swift
is a national trucking company.  In the underlying lawsuit, the real party in
interest, Nicole Shealey, sued Swift and its employee driver for injuries she
sustained in an accident with a Swift tractor-trailer.  Among other claims,
Shealey sued Swift for negligence and gross negligence, based on theories of
negligent hiring, negligent supervision, negligent training and respondeat
superior.

            On
June 17, 2011, Shealey’s counsel served Swift’s counsel with a deposition
notice.  At issue in this proceeding is item 5 of the notice, which seeks to
depose Swift’s “risk manager or person(s) most knowledgeable about any and all
injury or death claims, for the ten (10) years prior to the wreck made the basis
of this lawsuit, filed against Swift; this request includes, but is not limited
to, the person or persons who have the ability to produce loss run reports
and/or other summary information regarding claims, as well as claims
information and/or claims files.”  Swift filed an objection, motion to quash,
motion for protective order, and a supplement thereto.  Shealey filed a motion
to compel and a response to the motion to quash.  After a hearing, the trial
court signed an order on June 20, 2011, denying Swift’s motion to quash the
deposition and motion for a protective order.  Swift then filed this proceeding,
and the real party in interest has responded to the petition.

Mandamus Standard

            Mandamus
is available to correct a clear abuse of discretion when the relator has no
adequate remedy by appeal.  In re Prudential Ins. Co. of Am., 148 S.W.3d
124, 135–36 (Tex. 2004).  A trial court abuses its discretion if it reaches a
decision so arbitrary and unreasonable as to amount to a clear and prejudicial
error of law, or if it clearly fails to analyze or apply the law correctly.  In
re Cerberus Capital Mgmt., L.P., 164 S.W.3d 379, 382 (Tex. 2005). 

Scope of Discovery Orders

            The
scope of discovery is within the trial court’s discretion, but the trial court
must make an effort to impose reasonable discovery limits.  In re CSX Corp.,
124 S.W.3d 149, 152 (Tex. 2003).  An order that compels overly broad discovery
is an abuse of discretion for which mandamus is the proper remedy.  Id.
at 153 (holding that relator lacked adequate remedy by appeal where discovery
order compelled production of “patently irrelevant” documents); Walker v.
Packer, 827 S.W.2d 833, 843 (Tex. 1992) (holding no adequate appellate
remedy exists when an order compels discovery of irrelevant documents
constituting harassment or imposing a burden far out of proportion to any
benefit to the requesting party).  Texas Rule of Civil Procedure 192.3 permits
a party to “obtain discovery regarding any matter that is not privileged and is
relevant to the subject matter of the pending action, whether it relates to the
claim or defense of the party seeking discovery or the claim or defense of any
other party.”  Tex. R. Civ. P. 192.3.  

            Orders
requiring discovery covering an unreasonably long time period or distant and
unrelated locales are impermissibly overbroad.  In re Am. Optical, 988
S.W.2d 711, 713 (Tex. 1998); see also Dillard Dep’t Stores, Inc. v. Hall,
909 S.W.2d 491, 492 (Tex. 1995) (request for every claim file or incident
report involving false arrest, civil rights violations, and use of excessive
force from every store in department store’s chain for last five years was overbroad);
K Mart Corp. v. Sanderson, 937 S.W.2d 429, 431 (Tex. 1996) (request
for description of all criminal conduct at defendant’s parking lot during preceding
seven years was overbroad).  Discovery requests must be reasonably tailored to
include only matters relevant to the case.  In re Am. Optical, 988
S.W.2d at 713.  Because discovery is limited to matters that are
relevant to the case, requests for information that are not reasonably tailored
as to time, place, or subject matter amount to impermissible “fishing
expeditions.”  See CSX Corp., 124 S.W.3d at 152; see also In re
Xeller, 6 S.W.3d 618, 626-27 (Tex. App.—Houston [14th Dist.] 1999, orig.
proceeding).

Discussion

            In
its sole issue, Swift asserts that the trial court abused its discretion by
ordering it to produce a corporate representative or representatives to testify
about all injury and death claims asserted against it during the ten years
before Shealey’s accident.  Swift asserts that more than 1,000 auto liability
claims related to accidents involving Swift vehicles were opened in 2010
alone.  Swift objected to item 5 in the deposition notice, asserting that it is
overbroad, unduly burdensome, and not sufficiently narrowed in time or scope to
lead to the discovery of admissible evidence.  We agree that a ten-year time span
is overbroad on this record..

            The
deposition notice at issue covers a ten-year period of claims against a
national company.  The information goes far beyond matters relevant to the
underlying case.  Requests must be reasonably tailored to include only matters
relevant to the case.  In re Am. Optical, 988 S.W.2d at 713.  Shealey
has not established the relevance of the information requested.  Shealey
asserts that the information sought “might well show” that Swift has engaged in
a pattern of negligent hiring and supervising that would support her gross
negligence claim.  It appears that the information sought amounts to an
impermissible “fishing expedition.”  See In re Lowe’s Companies, Inc., 134
S.W.3d 876, 879 (Tex. App.—Houston [14th Dist.] 2004, orig. proceeding) (citing
In re CSX Corp., 24 S.W.3d at 152). 

            We
hold that item 5 in Shealey’s notice for the deposition of Swift’s corporate
representative is overbroad, and the trial court abused its discretion in
denying Swift’s motion for protection and motion to quash the deposition.  See
In re Allstate County Mut. Ins. Co., 227 S.W.3d 667, 669 (Tex.2007) (orig.
proceeding) (per curiam) trial court’s order was abuse of discretion because it
did not limit discovery requests which were overbroad as to time and scope).  An
appellate court would not be able to cure the trial court’s discovery error. 
Accordingly, Swift has no adequate remedy by appeal.  See Walker v. Packer,
827 S.W.2d at 843.  

Conclusion

            We
conditionally grant mandamus relief and direct the trial
court to vacate its June 20, 2011 order denying Swift’s motion for protection
and to quash the deposition of its corporate representative and compelling the
deposition.  The writ will issue only if the trial court fails to act in accord
with this opinion.  This court’s stay order issued June 21, 2011, remains in
effect until the trial court’s June 20, 2011, order requiring the deposition of
Swift’s corporate representative pursuant to item 5 of Shealey’s notice is vacated,
or until further order of this court.

 

PER CURIAM

 

Panel
consists of Chief Justice Hedges and Justices Anderson and Boyce.