

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

LISA D. HALL,

§

Appellant,

§

v.

§   No. 08-12-00208-CV

§

DOMINO'S PIZZA, INC., DOMINO'S
PIZZA DISTRIBUTION, L.L.C., DENNIS    §
L. MAYHALL d/b/a/ DLM PIZZA, INC.
d/b/a MARK OF EXCELLENCE PIZZA    §
COMPANY d/b/a DOMINO'S PIZZA,
AND      MARCO      PIZZA    §
HEADQUARTERS, INC. d/b/a MARK OF
EXCELLENCE PIZZA COMPANY d/b/a    §
DOMINO'S PIZZA,

§

Appellees.

Appeal from the

95th Judicial District Court

of Dallas County, Texas

(TC#10-09356-D)

## **O P I N I O N**

In this personal-injury case, Lisa D. Hall appeals the trial court's summary judgment in favor of Appellees—Domino's Pizza, Inc., Domino's Pizza Distribution, L.L.C, Dennis L. Mayhall d/b/a/ DLM Pizza, Inc. d/b/a Mark of Excellence Pizza Company d/b/a Domino's Pizza, and Marco Pizza Headquarters, Inc. d/b/a Mark of Excellence Pizza Company d/b/a Domino's Pizza. In twenty-seven issues, Hall complains that the trial court: (1) erred in granting summary judgment because Appellees are liable, as a matter of law, for their employee's off-duty, off-premises tort; and (2) abused its discretion in overruling her objections to Appellees' summary judgment evidence. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Hall was injured when John Wuest's automobile collided with her automobile. Wuest, then sixteen-years old, was driving to work from his mother's house when he lost control of his vehicle while entering a "slight curve" on a wet road. Unable to regain control, Wuest drove into Hall's driving lane and collided head-on with her car. At the time of the accident, Wuest was two blocks from the call center where he worked as a customer service representative for Appellee, Mark of Excellence Pizza Company.

Hall sued Wuest, Wuest's mother, and Appellees for negligence and gross negligence. Alleging that Appellees employed Wuest or had the right to control him, Hall maintained that they were liable for her injuries because they negligently formulated and adhered to policies requiring Wuest to come to work during inclement weather. According to Hall, Appellees "knew or reasonably should have known that . . . WUEST drove himself to and from work and that . . . [he] was a 16-year-old, inexperienced driver, who had only been driving for a very short period of time and lacked the skill and experience to drive on wet and slick roads, when it had been raining[.]"

After filing an answer, Appellees moved for summary judgment on both no-evidence and traditional grounds, arguing that they owed Hall no legal duty to control Wuest's conduct. In her response, Hall asserted Appellees owed her the duty recognized in *Otis Engineering Corp. v. Clark*, 668 S.W.2d 307 (Tex. 1983) because their conduct created a foreseeable risk of harm to her. Without identifying its reasons, the trial court granted Appellees' motion and dismissed Hall's

2

claims against them.[1]   Hall subsequently moved for a new trial, but the trial court denied the motion.

## DUTY

In all but one of her twenty-seven issues, Hall argues that she raised genuine issues of material fact that preclude summary judgment.[2]   But the validity of Hall's argument hinges upon whether Appellees had a legal duty to control Wuest's conduct in the first place.   Hall contends that, pursuant to *Otis Engineering*, Appellees had such a duty.   We disagree.

### *Standard of Review*

We review the trial court's summary judgment *de novo*.   *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).   When, as here, the order granting summary judgment does not specify the ground or ground upon which the trial court relied, we must affirm if summary judgment can be sustained under the no-evidence standard or the traditional one.   *S & I Mgmt., Inc. v. Sungju Choi*, 331 S.W.3d 849, 853 (Tex.App.--Dallas 2011, no pet.).

A party moving for summary judgment on no-evidence grounds is entitled to relief unless the non-movant produces competent summary judgment evidence that raises a genuine issue of

---

[1] Hall dismissed her suit against Wuest and his mother after settling her claims with them.

[2] For the sake of convenience and brevity, we have categorized twenty-six of the twenty-seven issues Hall raises as challenges to the trial court's decision to grant summary judgment.   Of these twenty-six issues, twenty-three contest the propriety of summary judgment on the ground that Appellees employed Wuest or had the right to control him and that Appellee Dennis L. Mayhall was personally liable pursuant to Section 171.255 of the Texas Tax Code because he continued to do business under an assumed corporate name after the charter for that corporation had been forfeited. Two issues question the propriety of summary judgment on the basis of duty.   And the remaining issue disputes the propriety of summary judgment on the catch-all ground that fact issues exist.   However, we need not address these sub-issues because their relevance is predicated upon the existence of a legal duty to control Wuest and, as demonstrated *infra*, we have concluded that no such duty exists.   *See* TEX.R.APP.P. 47.1

3

material fact as to the elements specified in the motion. TEX.R.CIV.P. 166a(i); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). To determine if the non-movant raised a fact issue, we review the evidence in the light most favorable to the non-movant, crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *See Mann Frankfort Stein*, 289 S.W.3d at 848, *citing City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). By contrast, a party moving for summary judgment on traditional grounds has the burden to prove there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

### *Applicable Law*

To establish tort liability, a plaintiff must initially prove the existence and breach of a duty owed to him by the defendant. *Otis Engineering*, 668 S.W.2d at 309. As a general rule, an employer is only liable for its employee's off-duty torts when they are committed on the employer's premises or with the employer's chattels. *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404-05 (Tex. 2009), *citing Otis Engineering*, 668 S.W.2d at 309. Hall does not contend that Appellees are liable here because of this general rule, but rather because of the exception carved out in *Otis Engineering*.

In *Otis Engineering*, the Texas Supreme Court recognized that an employer has a duty to protect third parties from an incapacitated employee's off-duty, off-premises tort if the employer affirmatively exercises control over the employee. 668 S.W.2d at 311; *accord D. Houston, Inc. v. Love*, 92 S.W.3d 450, 457 (Tex. 2002)(liability imposed on employer requiring its employee to

4

consume alcohol while on the job); *Nabors Drilling*, 288 S.W.3d at 406-08 (no liability imposed on employer due as a result of employee's fatigue because employer did not have the requisite knowledge of employee impairment, nor did it exercise the requisite control). The linchpin of the duty of care recognized in *Otis Engineering* is an affirmative act of control following, and prompted by, the employee's incapacity. *Nabors Drilling*, 288 S.W.3d at 407, *citing Otis Engineering*, 668 S.W.2d at 311.

Summary judgment is proper if a plaintiff cannot establish the existence or the breach of a duty as a matter of law. *Ginther v. Domino's Pizza, Inc.*, 93 S.W.3d 300, 304 (Tex.App.--Houston [14th Dist.] 2002, pet. denied).

*Discussion*

Contrary to Hall's argument, this case does not fall within the narrow exception carved out by *Otis Engineering*.

In *Otis Engineering*, two women were killed in an automobile accident caused by an employee of Otis Engineering Corp. driving home thirty minutes after he left work. 668 S.W.2d at 308. The employee had a history of drinking on the job, and was intoxicated that day, having consumed alcohol several times while at work. *Id*. The employee was so intoxicated that his fellow co-workers alerted his supervisor, who was also aware that the employee was extremely intoxicated. *Id*. When the employee returned from his dinner break, the supervisor suggested that he should go home. *Id*. Although the supervisor knew the employee was in no condition to drive home safely that night, he permitted the employee to do so. *Id*. The supreme court could have held that Otis Engineering Corp. was liable—not because it knew its employee was

5

intoxicated—but because it decided to handle its employee's intoxication by exercising affirmative control, including suggesting that he drive home, and making things worse. *Id*. at 311.

Unlike *Otis Engineering*, there is no evidence here that Wuest was "incapacitated." Hall contends that Wuest was incapacitated due to his age and inexperience as a driver. But Wuest was a licensed driver, who had been driving to work for approximately three months before the accident occurred, and there is no evidence in the record that he was involved in any other accidents. Significantly, Wuest testified in his deposition that he had driven on wet roads previously and was driving five miles below the speed limit on the day of the accident precisely because the road was wet.

Further, unlike *Otis Engineering*, there is no evidence in this case that Appellees were aware of Wuest's alleged "incapacity" and affirmatively exercised control over him. Although Wuest testified that he assumed people at work knew he drove to work because he left during lunch breaks, he testified he never told his employer how he "got to and from work." This mere surmise does not constitute evidence that Appellees knew Wuest was driving to work, much less doing so incapably. *See King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003)(less than a scintilla of evidence exists when the evidence is so weak that it does no more than create a surmise or a suspicion of a fact). Nor is there any evidence in the record tending to show that Appellees had the authority to control Wuest's actions relating to how he "got to work" from his mother's home, much less exercised that authority.

6

We conclude that Hall has not established that Appellees owed her a legal duty to control Wuest's conduct. *See Ginther*, 93 S.W.3d at 304 (holding that Domino's was not liable for the conduct of an off-duty delivery driver in a wrongful-death suit because Domino's did not have a common-law duty to determine the mechanical reliability of the vehicles used by its delivery drivers or to ensure that its drivers maintained liability insurance on their vehicles). Accordingly, Hall has not shown that the trial court erred in granting summary judgment in favor of Appellees.

Hall's first, and third through twenty-seventh issues, are overruled.

## EVIDENTIARY RULINGS

In her second issue, Hall contends the trial court abused its discretion in overruling her objections to Appellees' summary judgment evidence. We disagree.

### *Standard of Review*

We review a trial court's decision to admit evidence for an abuse of discretion. *Barraza v. Eureka Co., A Div. of White Consolid. Indust., Inc.*, 25 S.W.3d 225, 228 (Tex.App.--El Paso 2000, pet. denied). A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to any guiding rules or principles. *Cire v. Cummings*, 134 S.W.3d 835, 838-39 (Tex. 2004); *Barraza*, 25 S.W.3d at 228.

### *Applicable Law*

To show the trial court abused its discretion in admitting evidence, a complaining party must demonstrate that: (1) the trial court erred in admitting the evidence; (2) the erroneously admitted evidence was controlling on a material issue dispositive of the case and was not cumulative; and (3) the error probably caused rendition of an improper judgment in the case. *See*

7

*Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 617 (Tex. 2000). It is the complaining party's burden to show harm from an erroneous evidentiary ruling. *In re M.S.*, 115 S.W.3d 534, 538 (Tex. 2003); *see also City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753-54 (Tex. 1995)("A successful challenge to evidentiary rulings usually requires the complaining party to show that the judgment turns on the particular evidence excluded or admitted.").

### *Discussion*

Hall has failed to meet her burden of showing harm from the admission of the affidavit executed by the director of franchise services for Appellee, Domino's Pizza Distribution, L.L.C. In her brief, Hall does not provide any argument explaining how: (1) the affidavit was controlling on a material issue dispositive of the case; and (2) the outcome would have been different had the trial court sustained the objections she raised. *See Able*, 35 S.W.3d at 617; *In re M.S.*, 115 S.W.3d at 538. Rather, Hall devotes almost the entirety of her argument attempting to establish that the trial court erred by admitting the affidavit because it was inadmissible for various reasons. Hall does argue that because of its deficiencies, the affidavit failed to establish that Appellees, Domino's Pizza, Inc. and Domino's Pizza Distribution, L.L.C., were not Wuest's employers and did not have the right to exercise control over him. But, as was established above, the material issue in this case is whether Appellees had a duty to control Wuest's conduct in the first place. Given that the affidavit does not allude to Wuest's alleged incapacity or Appellees' knowledge of it, it was incumbent upon Hall to demonstrate that the affidavit was controlling on the material issue of duty and that the trial court's decision regarding duty turned on the affidavit. Hall has failed to do so. Because Hall focused exclusively on showing error and neglected to show the

8

required harm, she has failed to establish that the trial court abused its discretion in admitting the affidavit.

Hall's second issue is overruled.

## CONCLUSION

Having overruled all of Hall's issues, we affirm the trial court's judgment.


October 9, 2013

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.