COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  |  |  |
|---|---|---|
| | § | No. 08-18-00052-CV |
| IN THE INTEREST OF E.L.A.V., A CHILD. | § | Appeal from the |
| | § | 383rd District Court |
| | § | of El Paso County, Texas |
| | | (TC# 2011-CM10698) |

## **O P I N I O N**

This appeal arises from a suit affecting the parent-child relationship. Appellant O.V. ("Father") appeals from an order of the 383rd District Court ("post-trial court") granting a motion to reconsider an order of the 65th District Court ("trial court") following recusal of the judge of the trial court and transfer of the case to the post-trial court.[1] Father challenges the admission of certain exhibits in the trial court and the sufficiency of the evidence to support the post-trial court's grant to Appellee E.R. ("Mother") of the exclusive right to make certain medical decisions affecting the child, E.L.A.V. We affirm.

### **BACKGROUND**

---

[1] Father's notice of appeal, which was filed prior to the hearing and order on Mother's motion to reconsider, recites that he is appealing from the original trial court order. This premature notice of appeal is nevertheless sufficient to invoke this Court's jurisdiction to review the post-trial court's order on reconsideration. *See* TEX. R. APP. P. 27.1(a); *Lerma v. Forbes*, 144 S.W.3d 16, 18 (Tex. App.—El Paso 2004, no pet.).

Mother initiated this proceeding in 2011, shortly after E.L.A.V.'s birth, by filing an Original Petition In Suit Affecting The Parent-Child Relationship. Mother requested that she and Father be named joint managing conservators, that she be designated as the conservator with the exclusive right to determine the primary residence of the child, and that Father be ordered to pay child support and medical child support. After six years and numerous motions to recuse, changes of counsel for Father, and motions for continuance, the cause came on for final hearing on December 8, 2017.

The evidence reveals, and the parties do not dispute, that Mother and Father have been unable to agree on, or even communicate about, medical care for the child and what treatments and therapies are appropriate to address her developmental needs. For example, the child needs speech therapy, which she receives at school and additionally through a private speech therapist retained by Mother. Father, however, was also taking the child to another private speech therapist, a fact Mother was not aware of until it was revealed in a court hearing. There is also evidence that Father unilaterally obtained orthotics, eyeglasses, and prescription medication for the child that Mother believes are unnecessary. As a result of their inability to communicate and agree, both parents asked to be given the exclusive right to make medical decisions for the child.

Bryan Morales, E.L.A.V.'s school speech therapist, testified concerning the child's progress. During the course of his testimony, he discussed the contents of a progress report he authored, without objection from Father. When Mother offered the report into evidence as exhibit P-2, Father objected that the document had not been produced in discovery. Father acknowledged, though, that the content of the report was cumulative of Morales's testimony. Mother explained that she had only received the document two days before, and the court overruled the objection.

Father was asked during his testimony about a number of forms he had filled out to obtain

speech therapy for E.L.A.V. from Omega Rehab Services. Father discussed the content of those forms without objection. However, when Mother offered the forms into evidence as exhibits P-6 A through E, Father objected that they had not been produced in discovery. Mother explained that the forms were actually within Father's control and that she was only able to obtain them by going through Father's attorney. The trial court, noting that Mother "should have been able to have access to [the forms] from the very beginning," overruled Father's objections.

On January 5, 2018, the trial court signed an order designating Mother as the person having the exclusive right to determine the primary residence of the child (restricted to El Paso County, Texas); granting Father visitation according to the extended standard possession order; requiring Mother to maintain health insurance for the child; ordering Father to pay child support; and specifically naming who the child's healthcare providers would be. Father filed a motion for new trial alleging legal and factual insufficiency of the evidence.[2] Mother filed a motion (and an amended motion) to reconsider, alleging that the court had designated medical providers for the child that were not covered under Mother's insurance.

In February 2018, Father filed a motion (and amended motion) to recuse the judge of the trial court. That judge recused herself in the interest of judicial economy and the case was eventually transferred to the post-judgment court.[3] On April 19, 2018, the post-judgment court signed an order that, among other things, grants Mother the exclusive right to consent to medical, dental, and surgical treatment involving invasive procedures, and to psychiatric and psychological treatment of the child. Father is granted "the independent right to consent to medical, dental, and

---

[2] Father also filed a request for findings of fact and conclusions of law, but our record does not contain any findings and conclusions or a notice of past due findings and conclusions.

[3] The judge of the 383rd District Court, to which the case was transferred, voluntarily recused himself and the Honorable Peter Peca was assigned to that court to preside over this case.

surgical treatment involving invasive procedures only in the event of an emergency during his periods of possession[.]" This order recites that the post-judgment court conducted an evidentiary hearing, which was reported by a court reporter, but no reporter's record of this hearing appears in the appellate record.

## ISSUES

Father raises two issues asserting that the trial court erred by admitting into evidence exhibits P-2 and P-6 A through E because those exhibits were not produced in discovery prior to trial. In a third issue, Father asserts that the order of the post-trial court granting Mother the exclusive right to consent to medical, dental, and surgical treatment involving invasive procedures and to psychiatric and psychological treatment of the child is not supported by legally or factually sufficient evidence.

## DISCUSSION

### Admission of exhibits not produced prior to trial

A trial court's decision to admit evidence is reviewed under the abuse of discretion standard. *Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 220 (Tex. 2001); *Villanova v. Fed. Deposit Ins. Corp.*, 511 S.W.3d 88, 94 (Tex. App.—El Paso 2014, no pet.). "A trial court abuses its discretion when it acts arbitrarily or unreasonably, or without reference to any guiding rules and principles." *Villanova*, 511 S.W.3d at 94 (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)). This abuse of discretion standard also applies to a trial court's determination that a party is not unfairly surprised or prejudiced by the admission of untimely disclosed evidence. *Rhey v. Redic*, 408 S.W.3d 440, 459 (Tex. App.—El Paso 2013, no pet.).

In the context of asserted error in admitting evidence, "a complaining party must

4

demonstrate that: (1) the trial court erred in admitting the evidence; (2) the erroneously admitted evidence was controlling on a material issue dispositive of the case and was not cumulative; and (3) the error probably caused rendition of an improper judgment." *Villanova*, 511 S.W.3d at 94 (citing *Texas Dep't of Transp. v. Able*, 35 S.W.3d 608, 617 (Tex. 2000)).

Father contends that the trial court erred by admitting into evidence exhibits P-2 and P-6 A through E because those exhibits were not produced in discovery prior to trial. Father argues that the court was required to exclude the exhibits pursuant to Rule 193.6 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 193.6. That rule provides:

> A party who fails to make, amend, or supplement a discovery response in a timely manner may not introduce in evidence the material or information that was not timely disclosed . . . unless the court finds that:
>
> > (1) there was good cause for the failure to timely make, amend, or supplement the discovery response; or
> >
> > (2) the failure to timely make, amend, or supplement the discovery response will not unfairly surprise or unfairly prejudice the other parties.

*Id.*

Rule 193.6 involves a party's duty to *respond* to a written discovery request. *See* TEX. R. CIV. P. 193.1, 193.6. This obviously contemplates that there be a discovery request requiring a response before evidence may be excluded for failure to produce. *See In re Methodist Primary Care Grp.*, 553 S.W.3d 709, 721 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding) (party cannot be sanctioned for not producing that which it has not been requested to produce); *In re Lowe's Cos., Inc.*, 134 S.W.3d 876, 880 n.7 (Tex. App.—Houston [14th Dist.] 2004, orig. proceeding) (same). In this case, Father objected that the exhibits were not produced prior to trial, but he has not identified any discovery request seeking those documents and the appellate record does not contain any such request.

5

Because Father has failed to establish that Mother had a duty to produce the exhibits prior to trial, we cannot conclude that the trial court abused its discretion by not excluding them pursuant to Rule 193.6. *See Bank of Am., N.A. v. Barth*, No. 13-08-00612-CV, 2013 WL 5676024, at *8 (Tex. App.—Corpus Christi Oct. 17, 2013, no pet.) (no abuse of discretion in refusing to exclude evidence where record does not contain any relevant written discovery requests); *Langley v. Comm'n for Lawyer Discipline*, 191 S.W.3d 913, 915 (Tex. App.—Dallas 2006, no pet.) (no abuse of discretion in admitting evidence where record does not show that documents were requested in discovery).

In addition, the record demonstrates that Father was not unfairly surprised or prejudiced by admitting the exhibits. *See id.* Exhibit P-2, a report from E.L.A.V.'s school speech therapist, was equally available to both parents. Exhibits P-6 A through E are forms that Father himself filled out and signed to obtain treatment for E.L.A.V. from Omega Rehab Services. In fact, Mother requested that Father produce them, but he did not. Mother then attempted to obtain them directly from Omega Rehab Services, who refused to release them without authorization from Father's attorney. In these circumstances, it was well within the trial court's discretion to conclude that Father was neither surprised nor prejudiced by any failure of Mother to produce Father's own documents prior to trial. The trial court did not err by admitting exhibits P-2 and P-6 A through E.

We also note that Father has not demonstrated that any purported error in admitting the disputed exhibits was harmful. "It is the complaining party's burden to show harm from an erroneous evidentiary ruling." *Hall v. Domino's Pizza, Inc.*, 410 S.W.3d 925, 929–30 (Tex. App.—El Paso 2013, pet. denied). Improper admission of evidence is not reversible error unless the complaining party shows that it probably resulted in an improper judgment. TEX. R. APP. P.

44.1(a)(1); *Interstate Northborough P'ship*, 66 S.W.3d at 220; *Able*, 35 S.W.3d at 617. Error in admitting evidence is generally harmless if it is cumulative of other evidence in the record. *Reliance Steel & Aluminum Co. v. Sevcik*, 267 S.W.3d 867, 873 (Tex. 2008); *Nabors Well Servs., Ltd v. Romero*, 508 S.W.3d 512, 543 (Tex. App.—El Paso 2016, pet. denied).

The record shows that Father did not object to the disputed exhibits until after the content of those exhibits had been discussed without objection. Father even acknowledged that exhibit P-2 was cumulative of testimony already given by E.L.A.V.'s school speech therapist. While not specifically conceded by Father, the same is true of exhibits P-6 A through E. Each exhibit is cumulative of testimony already received without objection. For this reason, admitting the exhibits into evidence was not harmful. *See Sevcik*, 267 S.W.3d at 873; *Nabors*, 508 S.W.3d at 543.

Further, to determine whether any error in admitting evidence was harmful, the reviewing court must review the entire record and the complaining party must show that the evidence was "crucial to a key issue." *Nabors*, 508 S.W.3d at 543 (quoting *Sevcik*, 267 S.W.3d at 873). Father argues only that admission of the disputed exhibits was error. He does not explain whether or how those exhibits were crucial to any key issue or probably resulted in an improper judgment. *See Hall*, 410 S.W.3d at 930 (appellant focused exclusively on error and neglected to show required harm). In addition, as discussed in further detail below, the appellate record is incomplete, which effectively precludes this Court from conducting a full and proper harm analysis. *See Nabors*, 508 S.W.3d at 543 (court must review entire record). Thus, even if we were to conclude that the admission of exhibits P-2 and P-6 A through E was error, Father has not sustained his burden of establishing that any such error requires reversal. *See Hall*, 410 S.W.3d at 929–30 (appellant bears burden of showing harm).

Because Father has not demonstrated either error or harm in the admission of exhibits P-2

and P-6 A through E, Issues One and Two are overruled.

*Sufficiency of the evidence*

In his third issue, Father contends that the evidence is legally and factually insufficient to support the post-trial court's order granting Mother the exclusive right to make medical decisions for E.L.A.V. Father asserts that there was no evidence presented at either the final hearing or the hearing on Mother's motion to reconsider that supports a conclusion that Mother is better suited to make those decisions. But Father has failed to bring forth a sufficient record for this Court to evaluate that assertion.

The order of the post-trial court that contains the challenged provision recites that the court held an evidentiary hearing and that the hearing was reported by a court reporter. Our record does not contain a reporter's record from that hearing or any request by Father that such a record be prepared and filed. *See* TEX. R. APP. P. 34.6(b) (appellant must make written request to court reporter to prepare reporter's record). An appellant may request only a partial reporter's record but, in that case, the request must include a statement of the issues to be presented on appeal. TEX. R. APP. P. 34.6(c)(1). Our record does not contain any such request.

If an appellant files a partial record but fails to comply with Rule 34.6(c)(1), a reviewing court must presume that the omitted portions of the record are relevant to the issue on appeal and support the trial court's judgment. *In re Tyler*, 408 S.W.3d 491, 494 (Tex. App.—El Paso 2013, no pet.); *see Bennett v. Cochran*, 96 S.W.3d 227, 229 (Tex. 2002) (complete failure to submit statement of issues pursuant to Rule 34.6 when filing partial record requires appellate court to affirm judgment).

Father has not shown that he requested a complete reporter's record or that he complied with Rule 34.6(c)(1)'s requirements for filing a partial reporter's record. We must therefore

presume that the evidence presented at the hearing on Mother's motion for reconsideration is legally and factually sufficient to support the post-trial court's decision to grant Mother the exclusive right to make medical decisions for the child. *See Bennett*, 96 S.W.3d at 229; *In re Tyler*, 408 S.W.3d at 494. Issue Three is overruled.

## CONCLUSION

The trial court did not abuse its discretion by admitting into evidence exhibits P-2 and P-6 A through E. In addition, Father has failed to address, much less establish, that the admission of those exhibits was harmful. Father also failed to provide this Court with a complete reporter's record of the proceedings below. That omission results in the presumption that the evidence is legally and factually sufficient to support the order appealed from. The April 19, 2018 Order In Suit Affecting The Parent-Child Relationship is affirmed.


GINA M. PALAFOX, Justice

October 31, 2019

Before Alley, C.J., Palafox, J., and Chew, C.J. (Senior Judge)
Chew, C.J. (Senior Judge), sitting by assignment