

# NUMBER 13-20-00060-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**TEXAS MUTUAL INSURANCE COMPANY,**                              **Appellant,**

**v.**

**LACEY OCHOA,**                                                  **Appellee.**

---

## On appeal from the 24th District Court of Jackson County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina
Memorandum Opinion by Justice Longoria**

Appellant Texas Mutual Insurance Company (TMIC) appeals the granting of summary judgment in favor of appellee Lacey Ochoa. TMIC argues that the trial court erred by: (1) overruling its objections to Ochoa's summary judgment evidence; (2–3) granting Ochoa's no-evidence and traditional summary judgment motion; (4) applying the wrong standard in determining whether it met its evidentiary burden to defeat Ochoa's

motion for summary judgment; and (5) awarding attorney's fees to Ochoa. We reverse and remand.

## I. BACKGROUND

Nathan Fryday was killed in a work-related incident in August 2016. TMIC was the workers' compensation insurer for Fryday's employer. Following his death, both Fryday's parents and Ochoa sought workers' compensation death benefits. After a finding that Ochoa was Fryday's informal spouse, which was disputed by TMIC, the Division of Workers' Compensation (DWC) awarded death benefits to Ochoa. TMIC sought to have the decision of the DWC reviewed by the DWC's appeals panel. The DWC's decision became final, and TMIC appealed to the district court.

Ochoa filed a motion for summary judgment on both traditional and no-evidence grounds, to which she attached TMIC's original petition, the contested case hearing decision and order, the DWC panel's notice of final decision, TMIC's response to her requests for admissions, a copy of the agreed judgment declaring heirship, some recorded statements, and a residential lease agreement. TMIC replied, attaching its own evidence and lodging objections to Ochoa's summary judgment evidence. After a hearing on the motion, the trial court granted Ochoa's motion for summary judgment and awarded her attorney's fees. This appeal followed.

## II. SUMMARY JUDGMENT EVIDENCE

By its first issue, TMIC argues that the trial court erred in overruling its objections to Ochoa's summary judgment evidence which included a judgment declaring Ochoa as Fryday's heir and the discussion and finding of fact sections of the DWC's written

2

decision.

## A. Standard of Review

A trial court's decision to admit or exclude evidence for summary judgment is reviewed for abuse of discretion. *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 85 (Tex. 2018); *Hall v. Domino's Pizza, Inc.*, 410 S.W.3d 925, 929 (Tex. App.—El Paso 2013, pet. denied). The test for abuse of discretion is "whether the court acted without reference to any guiding rules or principles." *In re Nat'l Lloyds Ins.*, 507 S.W.3d 219, 226 (Tex. 2016) (per curiam) (orig. proceeding). The complaining party must show: "(1) the trial court erred in admitting the evidence; (2) the erroneously admitted evidence was controlling on a material issue dispositive of the case and was not cumulative; and (3) the error probably caused rendition of an improper judgment in the case." *Hall*, 410 S.W.3d at 929; *see* TEX. R. APP. P. 44.1(a) (stating that, in a civil case, "[n]o judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of: (1) probably caused the rendition of an improper judgment; or (2) probably prevented the appellant from properly presenting the case to the court of appeals."). It is the complaining party's burden to show harm from an erroneous evidentiary ruling. *In re M.S.*, 115 S.W.3d 534, 538 (Tex. 2003); *see City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753–54 (Tex. 1995) ("A successful challenge to evidentiary rulings usually requires the complaining party to show that the judgment turns on the particular evidence excluded or admitted.").

## B. Agreed Judgment Declaring Heirship

In a sub-issue in its first issue, TMIC argues that the trial court erred in admitting

an agreed judgment declaring heirship because TMIC was not a party to the proceedings declaring heirship and the judgment was irrelevant and not preclusive. Ochoa responds that the judgment was admissible but states that even if it were error to admit the judgment, it would not have "probably caused the rendition of an improper judgment."

TMIC argues in a single sentence that "[b]y admitting into evidence and presumably relying on the Agreed Judgment, the trial court *may have improperly given the judgment preclusive effect* against [TMIC], even though it was not a party to the prior litigation." (emphasis added). In its brief, TMIC does not provide any argument explaining how: (1) the agreement was controlling on a material issue dispositive of the case; or (2) the outcome would have been different had the trial court sustained the objections it raised. *See In re M.S.*, 115 S.W.3d at 538; *Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 617 (Tex. 2000);*see also* TEX. R. APP. P. 44.1(a). Rather, TMIC devotes almost the entirety of its argument attempting to establish that the trial court erred by admitting the agreement because it was not preclusive or relevant. It was incumbent upon TMIC to demonstrate that the agreed judgment was controlling on the finding of an informal marriage and that the trial court's decision turned on the agreed judgment. *See Hall*, 410 S.W.3d at 930. Merely suggesting that the trial court "may" have relied on the agreed judgment is not enough. TMIC has failed to establish that the trial court reversibly erred in admitting the agreed judgment. *See id*.; *see also* TEX. R. APP. P. 44.1(a).

## C.    DWC Decision

By two remaining sub-issues in its first issue, TMIC argues that the trial court erred in admitting the discussion section and the findings of fact from the DWC's decision. TMIC

4

objected to the admission of both portions of the DWC's decision on hearsay grounds. TMIC does not present any argument related to how the admission of the disputed portions of the decision harmed TMIC or that the trial court's decision turned on the complained of portions of the decision. *See* TEX. R. APP. P. 38.1(i), 44.1(a).[1] Accordingly, TMIC is unable to demonstrate that the trial court reversibly erred in admitting the complained-of portions of the DWC's decision. *See Hall*, 410 S.W.3d at 930.

TMIC's first issue is overruled.

### III.   SUMMARY JUDGMENT

By its second and third issues, which are briefed together, TMIC argues that the trial court erred in granting Ochoa's traditional and no-evidence motions for summary judgment.

### A.   Standard of Review & Applicable Law

The standards of review for traditional and no-evidence summary judgment are well known. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). With respect to a traditional motion for summary judgment, the movant has the burden to demonstrate that no genuine issue of material fact exists and judgment should be rendered as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon*, 690 S.W.2d at 548–49. We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. TEX. R. CIV. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286

---

[1] In its reply brief, TMIC loosely makes the argument that had the trial court excluded both the agreed judgment and the complained of portions of the DWC's decision, there would have been no evidence for the trial court to review and therefore, Ochoa could not have met her summary judgment burden. However, TMIC provides no authority or case law to support this conclusion. *See* TEX. R. APP. P. 38.1(i). Furthermore, TMIC provides no explanation as to how the pieces of evidence, individually, would have caused harm, and therefore it is unable to establish that the trial court reversibly erred in admitting the evidence. *See Hall v. Domino's Pizza, Inc.*, 410 S.W.3d 925, 930 (Tex. App.—El Paso 2013, pet. denied).

S.W.3d 306, 310 (Tex. 2009). To defeat a no-evidence summary judgment, the nonmovant is required to produce evidence that raises a genuine issue of material fact on each challenged element of its claim. TEX. R. CIV. P. 166a(i); *Gish*, 286 S.W.3d at 310.

In reviewing either a traditional or no-evidence summary judgment, we consider the evidence in the light most favorable to the nonmovant. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009); *Nixon*, 690 S.W.2d at 548–49. In deciding whether a material fact issue exists, evidence favorable to the non-movant will be taken as true. *Id*. at 549. We credit evidence favorable to the nonmovant if a reasonable fact-finder could, and we disregard evidence contrary to the nonmovant unless a reasonable fact-finder could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *Gish*, 286 S.W.3d at 310.

If a party seeks review of a final DWC appeals panel decision regarding "compensability or eligibility for or the amount of income or death benefits," then a modified de novo standard of review applies. *Rodriguez v. Serv. Lloyds Ins.*, 997 S.W.2d 248, 253 (Tex. 1999); *Combined Specialty Ins. v. Deese*, 266 S.W.3d 653, 664 (Tex. App.—Dallas 2008, no pet.). Under this standard, the trial court must consider the appeals panel's decision, but it is not required to accord that decision any particular weight. *See* TEX. LAB. CODE ANN. § 410.304(b); *State Office of Risk Mgmt. v. Joiner*, 363 S.W.3d 242, 247 (Tex. App.—Texarkana 2012, pet. denied). The party appealing the final decision of the appeals panel bears the burden of proof by a preponderance of evidence. TEX. LAB. CODE ANN. § 410.303; *see Transcont'l Ins. v. Crump*, 330 S.W.3d 211, 214 (Tex. 2010); *State Office of Risk Mgmt. v. Adkins*, 347 S.W.3d 394, 398–99 (Tex. App.—Dallas 2011,

6

no pet.). Judicial review of the appeals panel's decision "is limited to the issues that were before the DWC appeals panel; however, the fact finder does not simply review the appeals panel decision for reasonableness, but decides the issues independently based on a preponderance of the evidence." *Sec. Nat'l Ins. v. Farmer*, 89 S.W.3d 197, 200 (Tex. App.—Fort Worth 2002, pet. denied).

At issue in this case is whether an informal marriage existed between Ochoa and Fryday at the time of Fryday's death. Pursuant to the Texas Family Code,

> In a judicial, administrative, or other proceeding, the marriage of a man and woman may be proved by evidence that:
>
> > (1)    a declaration of their marriage has been signed as provided by this subchapter; or
> >
> > (2)    the man and woman agreed to be married and after the agreement they lived together in this state as husband and wife and there represented to others that they were married.

TEX. FAM. CODE ANN. § 2.401(a).

## B.    Discussion

The DWC's appeals panel found an informal marriage existed between Ochoa and Fryday at the time of Fryday's death. TMIC disputed this finding and appealed it to the trial court. In her motion for summary judgment, Ochoa argued that TMIC could not disprove that an informal marriage existed. Specifically, Ochoa stated:

> TMIC has the burden of proof in this judicial review action and will be required at trial to prove that:
>
> 1.  Lacey Ochoa and Decedent did not live together in the State of Texas;
>
> 2.  Lacey Ochoa and Decedent did not represent to others that they were married;

7

3. Lacey Ochoa and Decedent did not agree to be married;

4. Lacey Ochoa was not the common law spouse of Decedent on August 31, 2016, the date of Decedent's death;

5. Lacey Ochoa is not a proper legal beneficiary of Nathan Fryday, Deceased, and is not entitled to death benefits; and

6. [Fryday's parents] are proper legal beneficiaries of Nathan Fryday, deceased and are entitled to death benefits.

TMIC responded stating that "fact questions exist" as to whether an informal marriage existed, and it was Ochoa's burden, as the movant for summary judgment, to establish otherwise. *See Nixon*, 690 S.W.2d at 548–49.

An informal marriage does not exist until the concurrence of all three elements in the statute are met. *See Burden v. Burden*, 420 S.W.3d 305, 308 (Tex. App.—Texarkana 2013, no pet.) (citing *Eris v. Phares*, 39 S.W.3d 708, 714 (Tex. App.—Houston [1st Dist.] 2001, pet. denied)). Therefore, it follows that if one element is not met, an informal marriage has not been established. *See id*. We agree with TMIC that Ochoa's summary judgment motion was incorrect in its assertion that TMIC was required to disprove each element of the informal marriage in order to defeat summary judgment or obtain a favorable judgment at trial. Instead, TMIC needed only to produce evidence which would negate one element. *See* Tex. R. Civ. P. 166a(i);

However, Ochoa's no-evidence summary judgment motion required TMIC to produce evidence that raises a genuine issue of material fact on each challenged element of its claim. *See* Tex. R. Civ. P. 166a(i); *Gish*, 286 S.W.3d at 310. There is no dispute that Ochoa and Fryday resided together in Texas, establishing one element of an informal

8

marriage. *Burden*, 420 S.W.3d at 308. TMIC argues that it presented "ample" evidence that there was no agreement to be married nor any representation to others that Ochoa and Fryday were married. *See* TEX. FAM. CODE ANN. § 2.401(a).

To establish an agreement to be married, "the evidence must show the parties intended to have a present, immediate, and permanent marital relationship and that they did in fact agree to be husband and wife." *Eris*, 39 S.W.3d at 714; *Winfield v. Renfro*, 821 S.W.2d 640, 645 (Tex. App.—Houston [1st Dist.] 1991, writ denied). A proponent may prove an agreement to be married by direct or circumstantial evidence. *Russell v. Russell*, 865 S.W.2d 929, 933 (Tex. 1993). The testimony of one of the parties to the marriage constitutes some direct evidence that the parties agreed to be married. *Eris*, 39 S.W.3d at 714; *Small v. McMaster*, 352 S.W.3d 280, 283 (Tex. App.—Houston [14th Dist.] 2011, pet. denied).

TMIC points to Ochoa's deposition testimony that Ochoa and Fryday were engaged to be married as evidence that they were not presently married at the time of Fryday's death. *See Tex. Emps.' Ins. Ass'n v. Borum*, 834 S.W.2d 395, 400 n.3 (Tex. App.—San Antonio 1992, writ denied) ("We note that the agreement element for a common-law marriage requires that there be an agreement *presently* to be married—not to marry at some point in the future.") (emphasis in original). We agree. The evidence presented by TMIC that Ochoa and Fryday were engaged in March of 2016, and agreed to be married at some point in the future with no date yet set, is evidence that they were not presently married at the time of Fryday's death. An agreement to be married at some point in the future will not suffice. *See id*. As such, TMIC presented more than a scintilla

9

of evidence and raised a genuine issue of material fact as to whether an agreement to be married existed at the time of Fryday's death.[2] *See Gish*, 286 S.W.3d at 310; *Nixon*, 690 S.W.2d at 548–49. We sustain TMIC's second and third issues.

## IV. CONCLUSION

The judgment of the trial court is reversed, and this case is remanded to the trial court for proceedings consistent with this opinion.

NORA L. LONGORIA
Justice

Delivered and filed on the
27th day of May, 2021.

---

[2] Because we find that TMIC presented more than a scintilla of evidence and raised a genuine issue of material fact as to the agreement element of an informal marriage, we need not discuss whether Ochoa and Fryday held themselves out to be married. *See* TEX. R. APP. P. 47.1. We also need not address TMIC's fourth and fifth issues. *See id.*

10